**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2022

FOR THE NINTH CIRCUIT



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMO SOSA-GOMEZ,<br><br>               Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No.   21-70514<br><br>Agency No. A206-457-957<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2022[**]
Phoenix, Arizona

Before:  O'SCANNLAIN and GRABER, Circuit Judges, and FITZWATER,[***]
District Judge.
Concurrence by Judge GRABER

Guillermo Sosa-Gomez petitions for review of an order of the Board of

Immigration Appeals ("BIA") affirming the immigration judge ("IJ")'s decision

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sidney A. Fitzwater, Senior United States District Judge for the Northern District of Texas, sitting by designation.

denying Sosa-Gomez's application for asylum and related relief. As the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

Sosa-Gomez waived his due process argument by failing to raise it before the BIA. "As a general rule, if a petitioner fails to raise an issue before an administrative tribunal, it cannot be raised on appeal from that tribunal." *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) (quoting *Reid v. Engen*, 765 F.2d 1457, 1460 (9th Cir. 1985)). Because Sosa-Gomez failed to exhaust his due process argument, we lack jurisdiction to consider it. *See id.* (citing 8 U.S.C. § 1252(d)(1)).

Sosa-Gomez tries to reframe the argument as "not one of procedural due process but of substantive due process," because, he argues, "substantive due process claims that the agency has no power to adjudicate need not be raised before the [BIA]." We disagree with Sosa-Gomez's reframing. Sosa-Gomez argues that the IJ was biased and failed to provide him with a fair hearing—a quintessentially procedural argument. Further, Sosa-Gomez does not and cannot seriously contend that the BIA "has no power to adjudicate" issues concerning procedure in the lower immigration courts. Accordingly, we must dismiss the petition for review to the extent it relies on Sosa-Gomez's unexhausted due process argument.

## II

Substantial evidence supports the IJ's (and BIA's) adverse credibility determination regarding Sosa-Gomez.

Preliminarily, although Sosa-Gomez also failed to exhaust his adverse-credibility-determination challenge, we have elsewhere explained that "[w]hen the BIA has ignored a procedural defect and elected to consider an issue on its substantive merits, we cannot then decline to consider the issue based upon this procedural defect." *Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc). Sosa-Gomez did not identify any specific factual errors to advance this argument in his brief before the BIA, but he did identify it in his notice of appeal to the agency, and the BIA then thoroughly reviewed the issue. We will therefore consider the issue irrespective of the procedural defect. *See id.*

On the merits, Sosa-Gomez fails to demonstrate that "the evidence compels" a conclusion contrary to the IJ's—or, applied here, that "the evidence compels" the conclusion that he was a credible witness. *See Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). The IJ must examine the "totality of the circumstances," "including, for example, the applicant's responsiveness, consistency between written and oral statements, the internal consistency of those statements, and any inaccuracies or falsehoods 'without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other

relevant factor.'" *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010) (in turn quoting 8 U.S.C. § 1158(b)(1)(B)(iii))). "[E]ven minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination." *Ren v. Holder*, 648 F.3d 1079, 1085 (9th Cir. 2011).

Here, the IJ provided "specific, cogent reasons" for the adverse credibility determination. *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005) (quoting *Malhi v. I.N.S.*, 336 F.3d 989, 993 (9th Cir. 2003)). These reasons included Sosa-Gomez having "deliberately tried to deceive the Court with" his assertion that he had not been fired; the IJ's "unique opportunity to evaluate [Sosa-Gomez's] demeanor" and evasiveness; Sosa-Gomez's criminal history; and Sosa-Gomez's lengthy, unexplained delay in seeking asylum. Moreover, our thorough review satisfies us that the IJ's decision, which was properly based on the totality of the circumstances, enjoys sufficient record support.

### III

Substantial evidence also supports the denial of Sosa-Gomez's Convention Against Torture ("CAT") claim.

### A

Sosa-Gomez contends the IJ should have given more weight to the expert testimony of Dr. Slack, particularly Dr. Slack's statement that police could not

4

protect (and may actively harm) Sosa-Gomez. But Sosa-Gomez fails to grapple with the IJ's main concern: Dr. Slack's faulty assumptions. Dr. Slack stated that he was basing his opinion on certain facts—primarily that Sosa-Gomez "and his partner came across a vehicle filled with drugs and reported it" and that Sosa-Gomez has been targeted "in retaliation for the drugs he reported." Yet Sosa-Gomez never "reported" any drugs; rather, he purports to have been a hapless bystander in Ivan's plan. Dr. Slack built his assessment on a false foundation, and the IJ was entitled to discount it.

B

Sosa-Gomez also points to a declaration he submitted from Commander Vazquez Varela Alberto, one of Sosa-Gomez's former supervisors, who wrote:

> I also want to mention that I as a Commander receive unofficially a lot of information and I am aware that Mr. Guillermo Sosa Gomez is procured by some elements of different corporations that are in collusion with different Organized Crime Organizations that operate in the State; such as the Salazar, Gente Nevea, the Ochoa, among others, all of these under the command of the Sinaloa cartel.

Commander Alberto's remark does not undermine the IJ's conclusion regarding torture; it says only that Sosa-Gomez "is procured by some elements of different corporations that are in collusion with [still] different" organized crime organizations. Such evidence does not "compel[] the conclusion" that Sosa-Gomez will be tortured in Mexico. *Cf. Tekle*, 533 F.3d at 1051.

5

C

Sosa-Gomez's suspect testimony also fails to satisfy his burden, as "when a petitioner's 'claims under the [CAT] are based on the same statements . . . that the BIA determined to be not credible' in the asylum context, the agency may rely upon the same credibility determination in denying both the asylum and CAT claims." *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015) (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003)).  Moreover, the testimony also fails to "show that it is more likely than not that [Sosa-Gomez] will be tortured . . . at the instigation of, or with the consent or acquiescence of, the government."  *See Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007).  Sosa-Gomez admits the only threat he has directly received was in 2014, when Miranda told Sosa-Gomez and Ivan that the cartel wanted to kill them.  His written statements speak to incidents involving "[i]nformants to the police" and "many phone calls from men asking about [Sosa-Gomez's] whereabouts," but he never connects these incidents to actual police officials or the Mexican government.  The BIA's decision suffices to show that it considered all the evidence.  *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1182–83 (9th Cir. 2021).

IV

We **DISMISS IN PART** and **DENY IN PART** the petition for review.

6

Sosa-Gomez v. Garland, No. 21-70514

GRABER, J., concurring in the judgment:

    I concur in the judgment.